UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 6:08-cr- 61-ORL-18DAB
 18 U.S.C. § 1029(a)(1)
DANIEL PANDIELLO  18 U.S.C. § 982(a)(2)(B) - Forfeiture
 a/k/a Santiago Alvares  18 U.S.C. § 1029(c)(1)(C) - Forfeiture
 a/k/a Ernesto Rios
ANA MONTERO

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about July 19, 2007, in Volusia County, Florida, in the Middle District of Florida, and elsewhere,

**DANIEL PANDIELLO**
**a/k/a Santiago Alvares**
**a/k/a Ernesto Rios**
**and**
**ANA MONTERO**

the defendants herein, aiding and abetting one another, did knowingly and with the intent to defraud, produce, use and traffic in one or more counterfeit access devices, to wit: a counterfeit American Express credit card, said production and use affecting interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 1029(a)(1) and (c)(1) and Title 18, United States Code, Section 2.

## **FORFEITURE**

1. The allegations in Count One are hereby realleged and incorporated herein by reference for the purpose of enforcing the forfeiture requirements of Title 18, United States Code, Section 982(a)(2)(B) and Title 18, United States Code, Section 1029(c)(1)(C).

2. The defendants, **DANIEL PANDIELLO and ANA MONTERO**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any and all right, title, and interest they may have in any property constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of such violations of Title 18, United States Code, Section 1029(a)(1), and pursuant to Title 18, United States Code, Section 1029(c)(1)(C), any and all right, title, and interest they may have in any personal property used or intended to be used to commit the offense.

3. If any of the property described above, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred to, sold to, or deposited with a third person;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value, or

    (e) has been commingled with other property that cannot be subdivided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 18, United States Code, Section 1029(c)(1)(2).

A TRUE BILL,

_____
Foreperson

ROBERT E. O'NEILL
United States Attorney

By: _____
Robert E. Bodnar, Jr.
Assistant United States Attorney

By: _____
Roger B. Handberg, III
Assistant United States Attorney
Acting Chief, Orlando Division